PROB 12C
(Rev.2011)

# United States District Court
для
## Middle District of Tennessee

**Superseding Petition for Summons for Offender Under Supervision**
**[Supersedes Petition Filed as Docket Entry No. 130 ]**

Name of Offender: <u>Roger Donald Humphrey</u>      Case Number: <u>3:10-00280</u>

Name of Judicial Officer: <u>The Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>January 22, 2014</u>

Original Offense: <u>18 U.S. C. §2250 Failure to Register as a Sex Offender</u>

Original Sentence: <u>2 years' probation</u>

Type of Supervision: <u>Probation</u>      Date Supervision Commenced: <u>January 22, 2014</u>

Assistant U.S. Attorney: <u>Carrie Daughtrey</u>      Defense Attorney: <u>Mariah Wooten and David Baker</u>

---

### PETITIONING THE COURT

___ To issue a Summons
___ To issue a Warrant
**_X_** To Consider Additional Violations / Information

---

**THE COURT ORDERS:**
☑ Consideration of Additional Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this ___ day of _____, 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct.
Respectfully submitted,

_____
Donna Jackson
Intensive Supervision Specialist

Place      <u>Nashville, TN</u>

Date      <u>September 8, 2014</u>

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 130, has been amended as follows:

>The sentencing recommendation was corrected as to the custody sentence available under statutory provisions.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall report to the probation officer in a manner and frequency directed by the court or probation office:**

    Following notification that he would not be supervised by the Eastern District of Michigan, Mr Humphrey was instructed to report to the Middle District of Tennessee on April 15, 2014. He called on April 14, 2014, and advised he was admitted to the VA Hospital in Detroit. He was on instructed on April 17, 2014, to report to the Middle District of Tennessee within 72 hours of his release from the hospital. Mr. Humphrey was released from the hospital on April 18, 2014. He failed to report to the probation office within 72 hours. Mr. Humphrey was instructed on April 30, 2014, to report to the probation office on May 16, 2014. He did not report on this date and has failed to report at this time. Mr. Humphrey reports continuing to live with his sister, Anita Sovereen.

2. **The Defendant shall register as a sex offender and maintain sex offender registration as prescribed by state and federal law.**

    Mr. Humphrey's sister, Anita Sovereen, has advised the offender is not residing full-time at the residence/address provided to the probation office and the Michigan sex offender registry. She reported he stays the majority of the time at his sister, Angela Castillo's residence. This office cannot determine where Mr. Humphrey is residing because he is not be supervised in Michigan and will not return to the Middle District of Tennessee.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Humphrey was supervised by the Eastern District of Michigan Probation Office upon his release to probation on Jaunuary 22, 2014. Mr. Humphrey failed to report to the probation office in the Eastern District of Michigan on March 3, March 6 and March 10, 2014. A home visit was scheduled with Mr. Humphrey on March 13, 2014, by the Michigan Probation Office. Mr. Humphrey was not present for the contact. Mr. Humphrey's sister, Ms. Sovereen, reported the offender was playing games with the probation officer. Ms. Sovereen indicated the offender was aware a home visit was scheduled for this day and he left. On March 17, 2014, Mr. Humphrey met with U.S. Probation Officer Stacey Merolla in the Eastern District of Michigan. Mr. Humphrey would not agree to a modification of his conditions of probation to include sex offender treatment and polygraph testing, so he was instructed to return to the Middle District of Tennessee Probation Office for supervision. On March 19, 2014, this officer instructed him to report to the Middle District of Tennessee Probation Office on April 1, 2014. He was sent a certified letter with the scheduled appointment date and time. On March 25, 2014, the Chief U.S. Probation Officer spoke to Assistant Public Defendant David Baker and Mr. Humphrey's report date was extended to April 15, 2014. On April 1, 2014, Chief U.S. Probation Officer Robert Musser, Deputy Chief Probation Officer Jim Perdue, and U.S. Probation Officer Donna Jackson met with First Assistant Public Defender Mariah Wooten and Assistant Public Defender

David Baker. Ms. Wooten and Mr. Baker confirmed the defendant was aware of his April 15, 2014, report date. Mr. Humphrey called on April 14, 2014, and advised he was being admitted to the VA Hospital in Detroit. According to U.S. Probation Officer Stacy Merolla, the defendant was admitted to the psychiatric ward. The probation office in the Eastern District of Michigan hand delivered a letter to Mr. Humphrey at the hospital instructing him to report to the Middle District of Tennessee within 72 hours of his release from the hospital. Mr. Humphrey was released from the VA hospital on April 18, 2014. He made contact by telephone with the Nashville Probation Office on April 30, 2014. He informed he was released on April 18, 2014, but was readmitted. This officer asked Mr. Humphrey to provide documentation of his hospital stays. Mr. Humphrey reported he had future medical appointments already scheduled for May 6, May 8, and May 13, 2014. This officer instructed Mr. Humphrey to fax confirmation of these appointments to the probation office. Mr. Humphrey was given a new report date of May 16, 2014. He was told to not make future medical appointments in Michigan, after he completes the ones already scheduled. On May 16, 2014, the defendant left a message informing he went into the hospital at Port Huron, Michigan, on May 15, 2014. Mr. Humphrey failed to send any documentation of previous medical appointments. Numerous attempts were made to contact Mr. Humphrey between May 16 and May 27, 2014. Contact was made with Mr. Humphrey on May 27, 2014. He reported he had sent a fax of his medical appointments and hospital stays. He was advised they were not received at this office and was asked to please send them again. Mr. Humphrey sent a fax containing some of the information. He had also scheduled appointments through June 25, 2014. Mr. Humphrey has not provided proof of any medical visits since May 27, 2014.

## Update of Offender Characteristics:

Mr. Humphrey is in the custody of U.S. Marshals Service. He made an initial appearance in the Middle District of Tennessee before U. S. Magistrate Judge Bryant on September 3, 2014.

## U.S. Probation Officer Recommendation:

Given that Mr. Humphrey was not being supervised by the probation office in the Eastern District of Michigan and did not comply with instructions to return to the Middle District of Tennessee in order to be supervised, it was respectfully recommended that a warrant be issued for Roger Humphrey, so that he may appear before the Court to answer to the violation behavior outlined above. A warrant was ordered and Mr. Humphrey will be before the Court for a revocation hearing in the future.

Assistant U.S. Attorney Carrie Daughtrey concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. ROGER HUMPHREY, CASE NO. 3:10-00280

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** II

**ORIGINAL OFFENSE DATE:** Post April 30, 2003    Protect Act Provisions

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | Up to 10 years (Class C felony) 18 U.S.C. § 3565(a)(2) | 4 - 10 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 5 years to life 18 U.S.C. 3583(k) | 5 years to life U.S.S.G. § 5D1.2(b)(2) | No recommendation |

18 U.S.C. § 3565(a) if the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 or the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant under subchapter A.

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term. U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Donna Jackson
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Roger Humphrey

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:10CR00280 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 01 / 22 / 2014
   month    day    year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall report to the probation officer in a manner and frequency directed. | C |
| Shall register as a sex offender and maintain sex offender registration as prescribed by state and federal law. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  — C

9. **Criminal History Category** *(see §7B1.4(a))* — II

10. **Range of Imprisonment** *(see §7B1.4(a))* — 4 -10 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Roger Humphrey

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____   Community Confinement _____

   Fine($)         _____   Home Detention          _____

   Other     $100 special assessment   Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: One to life years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from _____
   imprisonment:

14. **Departure**

   List aggravating and mitigating factors that may warrant a
   sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Defendant's currently reported address:

Custody of the U.S. Marshals Service